## UNITED STATES v. WEINBERG et al.

District Court, S. D. New York.

Sept. 22, 1944.

James B. M. McNally, U. S. Atty., of New York City (K. Bertram Friedman, of New York City, of counsel), for the United States.

Samuel Siegel, of New York City, for Stephen Weinberg.

Irving D. Neustein, of New York City, for Francis Joseph Rosato, Antonio Francis Rosato, Morris Ovadia, and Nathan Ovadia.

Maurice D. Sado, of New York City, for Joseph Rosenfeld.

Frederick M. Garfield, of New York City, for Martin Asnin.

Butter & Silverman, of New York City, for William Kurt Bohmer.

HULBERT, District Judge.

Stephen Weinberg was arraigned on seven indictments charging him and others with violations of the Selective Training and Service Act, 50 U.S.C.A.Appendix § 311.

Weinberg's scheme was to provide some alleged form of medication and to coach draftees to make false statements as to their mental and physical condition for the purpose of bringing about the rejection of such draftees and their consequent exemption from Military duty.

▇ Upon his plea of guilty this court imposed a sentence on Weinberg aggregating seven years and one day and fines of $17,500, representing, substantially the monies paid to him for "services" rendered. There is no doubt that Weinberg's plea of guilty was brought about by the cooperation of his "victims" in aiding the prosecution and it was urged by their respective counsel that a suspended sentence should be imposed upon them. While this court recognizes the desirability of securing the aid of violators of the law in some cases in order to make prosecution effective, it does not feel that freedom should be the price of confession of criminal participation and particularly that they should be relieved of obligations which the Selective Service and Training Act imposes.

Rule 643.1 of the Selective Service and Training Act specifically provides:

"643.1. Parole: General. Any person who has heretofore or may hereafter be convicted of a violation of any of the provisions of the Selective Training and Service Act of 1940, or any amendment thereto, or any rules or regulations prescribed thereunder, shall at any time after such conviction be eligible for parole for service in the land or naval forces of the United States, or for work of national importance under civilian direction, or for any other special service established pursuant to said act, in the manner and under the conditions hereinafter set out."

It has been the consistent practice of this court to sentence all violators upon conviction or plea of guilty to the custody of the Attorney General, inviting his attention in each case to said Rule. This has eliminated confusion existing in the early stages of the operation of the Draft Act because of conflict of authority between the Military and the Courts.

The cases against Weinberg's "victims" were disposed of as follows:

Daniel Lupa was jointly indicted with Weinberg, for conspiracy (C115—333),

pled guilty and received a sentence of two years. He was inducted into the Armed Forces of the United States on April 3, 1944.

Francis Joseph Rosato was jointly indicted with Weinberg, for conspiracy (C115—334), pled guilty and received a sentence of three years and was inducted into the Armed Forces of the United States on April 25, 1944.

Antonio Francis Rosato was jointly indicted with his brother and Weinberg for conspiracy (C115—334), pled guilty and received a sentence of one year and one day. His application for parole into the Armed Forces of the United States was denied due to the fact that he received a sentence as a conspirator to secure a deferment of his brother which, it was held, was not an attempt on his part to evade the Selective Training and Service Act. Subsequently upon a pre-induction physical examination he was found unsuitable for Military Service because of a deformity of the left leg, due to an old fracture, but was, however, given a draft classification of 4-F and a recommendation of parole under Executive Order 8641 for assignment to special service designated by the Attorney General. On August 18, 1944, Rosato was denied parole under Executive Order 8641. This would make him eligible for conditional release on October 9, 1944, unless his sentence should be revised. That will be done now and the United States Attorney is requested to prepare and present an order for his release forthwith.

Joseph Rosenfeld was jointly indicted with Weinberg for conspiracy (C115—335), pled guilty and received a sentence of 5 years.

The facts in this case were particularly aggravating. But it will not now serve any useful purpose to review them. The court prefers to spare the defendant and his family that humiliation.

The application of Rosenfeld to be paroled into the Armed Forces was denied in view of the fact that he has certain personality deviations and his physical condition was such that he could not be regarded as a good prospect for Military service. This made him eligible for parole on December 1, 1945. But, in the meantime, upon examination by the Special Panel Board at the Institution of his confinement, he was placed in classification 1-A and it now appears that he was inducted on July 14, 1944.

Martin Asnin was jointly indicted with Weinberg for conspiracy (C115—336), pled guilty and received a sentence of two years. This defendant was born in London while his parents were en route from Russia to the United States and is the second of seven surviving children. He is married, but childless, and lives in a Central Park apartment expensively furnished in excellent taste, in addition to which he contributes substantially to the support of his mother and two sisters. He is in the dress manufacturing business and appears to have been very prosperous. Nevertheless, when examined by two psychiatrists on referral from Weinberg, both found him suffering from extreme nervousness, depression, inability to sleep and weeping spells. He was able to satisfy the Draft Board that he was not a malingerer. In fact, when he appeared before me he was then under treatment of a pyschiatrist. Soon after his confinement the United States Attorney advised me that Asnin's application for parole had not been acted upon because there was some irregularity concerning his admission to the United States reported by the Immigration authorities, but that has since been clarified and he was given a 1-A classification by the Special Panel at his place of confinement, accepted, and inducted into the Armed Forces on June 30, 1944.

Morris Ovadia was jointly indicted with Weinberg for conspiracy (C115—337), pled guilty and received a sentence of four years, was given a 1-A classification by the Special Panel at the place of his confinement, accepted and inducted by the Army on March 29, 1944.

Nathan Ovadia was indicted with his brother and Weinberg for conspiracy (C115—337), pled guilty and received a sentence of one year and one day. His application for parole into the Armed Forces of the United States was denied upon the same ground as Antonio Francis Rosato, but he has since been given a 1-A classification by the Special Panel at his place of confinement and was accepted by the Military Service and granted parole for immediate induction which took place on June 26, 1944.

William Kurt Bohmer was jointly indicted with Weinberg for conspiracy (C115—338), pled guilty and sentenced to three years. He had been rejected at the Grand Central Palace Induction Center, New York, N. Y., June 11, 1943, "for in-

sufficient hearing and psychoneurosis-mild."
This defendant is 27 years of age, was
born in Vienna and forced to leave Austria
in August 1938 following the Nazi inva-
sion of that country. His physical con-
dition was alleged to be partly attributable
to his Concentration Camp experiences in
Austria, which he and his family were per-
mitted to leave upon condition that they
forfeit all of their worldly goods. He mar-
ried before leaving Austria and brought
his wife with him to this country and at
the time he appeared for sentence she was
in a pregnant condition.

Subsequently, on examination by the
military authorities at induction station, un-
der procedure established by Executive Or-
der 8641, the military authorities disquali-
fied Bohmer for any military service "be-
cause of both tympanic membrane dull,
conduction type, hearing loss." His appli-
cation for special parole to perform work
of national importance under civilian direc-
tion under Option 4 was submitted with a
recommendation of the Selective Service
Special Panel Board of the Institution in
which he was confined and on September
11, 1944, the Attorney General approved
Executive Order of parole for Bohmer to
work as an attendant at the New York Hos-
pital, where he now is.

In view of the fact that all of the
defendants above named now in service,
have complied with the Statutes, Rules and
Regulations, as required by this court, the
sentence heretofore imposed in each case
will be reduced to the time actually served
under judgment of this court and the Unit-
ed States Attorney is requested to prepare
and submit orders to that effect.